UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREG SKISTIMAS et al., <br><br> Plaintiffs, <br> v. <br><br> HOTWORX FRANCHISING LLC et al., <br><br> Defendants. | CASE NO. 3:23-cv-05974-DGE <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on its own review of the record. Plaintiffs allege diversity jurisdiction on the basis that "all Plaintiffs are residents of Washington and none of the Defendants is a resident of Washington." (Dkt. No. 1 at 4.) However, the complaint does not identify each party's state of *citizenship*. (*See id.* at 2–4.) As the Ninth Circuit explains:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

ORDER TO SHOW CAUSE - 1

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted); *see also E. Bay L. v. Ford Motor Co.*, 2015 WL 13926922, at *1 (9th Cir. May 15, 2015) (diverse residency is not sufficient to establish diversity jurisdiction).

"The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court . . . each plaintiff must be diverse from each defendant." *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Failure to meet the requirements of the diversity statute for each defendant destroys "'complete diversity,' rendering the entire case beyond the federal court's power to decide." *Id.* at 1005. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857.

Accordingly, Plaintiffs are ordered to show cause, no later than March 15, 2024, why this case should not be dismissed for lack of federal subject matter jurisdiction.

Dated this 8th day of March 2024.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 2