UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREG SKISTIMAS et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOTWORX FRANCHISING LLC et al., <br><br> Defendants. | CASE NO. 3:23-cv-05974-DGE <br><br> ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS (DKT. NO. 22) |

On February 22, 2024, Defendants Nancy Price, Patricia Gattuso, and Stephen Smith (the "Individual Defendants") moved to dismiss this action, arguing, *inter alia*, that the Court lacks personal jurisdiction over them.  (Dkt. No. 22 at 5–10.)  When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the exercise of jurisdiction is proper.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Though not entirely clear, Plaintiffs' response and amended complaint appear to rely on (1) consent (Dkt. Nos. 32 at 3; 35 at 2) and (2) RCW § 19.100.160 (Dkt. No. 32 at 4) as the bases

for their argument that the Court may exercise personal jurisdiction over the Individual Defendants.[1]  However, Plaintiffs fail to offer non-conclusory argument, legal authority, or citations to specific locations in the record to support their position on any ground.  As such, the Court is unable to determine with certainty on which portions of the record Plaintiffs seek to rely to establish consent or otherwise support their position.  Further, Plaintiffs offer no argument as to the applicability of RCW § 19.100.160 to the instant case.

Plaintiffs SHALL file supplemental briefing of no more than 12 pages identifying and presenting their arguments with clarity no later than June 26, 2024.  Arguments must contain citation to authority and the record.  The Individual Defendants SHALL file a response of no more than 10 pages no later than July 5, 2024.

Dated this 18th day of June 2024.

David G. Estudillo
United States District Judge

---

[1] Plaintiffs also vaguely assert that one of the Individual Defendants "effectively submitted to the jurisdiction" of Washington. (Dkt. No. 35 at 2.)  The Court is unable to discern the legal basis for this assertion.