UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREG SKISTIMAS et al.,<br><br>                        Plaintiffs,<br>    v.<br><br>HOTWORX FRANCHISING LLC et al.,<br><br>                        Defendants. | CASE NO. 3:23-cv-05974-DGE<br><br>ORDER DENYING AS MOOT MOTION TO DISMISS (DKT. NO. 22) AND STRIKING CROSS-MOTIONS REGARDING CONTRACTUAL DISPUTE RESOLUTION PROCEDURES (DKT. NOS. 44, 48) |

## I        INTRODUCTION

Before the Court are a motion to dismiss (Dkt. No. 22) and cross-motions regarding contractual dispute resolution procedures (Dkt. Nos. 44, 48).  For the reasons explained below, the Court DENIES as moot the Individual Defendants' motion to dismiss (Dkt. No. 22) and STRIKES the parties' cross-motions (Dkt. Nos. 44, 48).  The parties are afforded leave to file new motions and briefing consistent with the parameters of this order.

## II  DISCUSSION

**A.   Motion to Dismiss**

Individual Defendants Nancy Price, Patricia Gattuso, Stephen Smith, Jessica Matherne, Jodie Mateu and Melissa Ferguson moved to dismiss Plaintiff's original complaint.[1]  (Dkt. No. 22.)  Plaintiffs thereafter filed an amended complaint (Dkt. No. 32) as well as a response opposing the Individual Defendants' motion to dismiss (Dkt. No. 35).  Rather than file a motion to dismiss the amended complaint, the Individual Defendants filed a reply attacking Plaintiffs' amended complaint.  (Dkt. No. 42.)

As a general matter, an amended complaint supersedes an original complaint, rendering the original complaint without legal effect.  *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).  Consequently, courts routinely deny as moot motions to dismiss that precede the filing of an amended complaint.  *See Ramirez*, 806 F.3d at 1008; *Rodriguez v. Zenni Optical, Inc.*, 2023 WL 3612392, at *1 (S.D. Cal. May 23, 2023) (denying as moot motion to dismiss when, "in lieu of filing an opposition to the motion to dismiss, [the plaintiff] filed a first amended complaint"); *Frazier v. City of Fresno*, 2023 WL 1786228, at *1 (E.D. Cal. Feb. 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot.").

However, a court may decline to deny as moot a motion to dismiss filed prior to an amended complaint when "the amended complaint suffers from the same deficiencies as the original complaint."  *Brooks Sports, Inc. v. Sparc Grp.*, LLC, 2021 WL 1424686, at *1 (W.D.

---

[1] The motion to dismiss also was purportedly brought by Defendant Hotworx Franchising, LLC.  (*See* Dkt. No. 22 at 1.)  But counsel does not explain why Hotworx has standing to file a motion to dismiss claims against its co-defendants.

Wash. April 15, 2021). Additionally, "when the amended complaint is substantially identical to the original complaint, [the] amended complaint will not moot [a] pending motion to dismiss." *Oliver v. Alcoa, Inc.*, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016).

The Court acknowledges that broadly construed, the arguments in the Individual Defendants' reply (which challenges the amended complaint) are substantially similar to those advanced in their opening motion (which challenges the original complaint). Namely, the Individual Defendants argue in each filing that the Court does not have personal jurisdiction over the Individual Defendants and that Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 9(b). (Dkt. Nos. 22 at 1, 4–5; 42 at 3–4.)

But upon review of the original and amended complaints, it is not clear the amended complaint suffers from precisely the same deficiencies as the original complaint, or that the two complaints are substantially identical. For instance, Plaintiffs' amended complaint adds a claim (Dkt. No. 32 at 26) as well as specific allegations relating to particular defendants (*see, e.g., id.* at 10). Entertaining the motion to dismiss on the current record would require the Court to discern the exact degree to which the Individual Defendants' arguments in their opening motion apply to new allegations in Plaintiffs' amended complaint. And although the Individual Defendants' reply addresses Plaintiffs' amendments to some degree, Plaintiffs have not had an opportunity to defend against the Individual Defendants' challenges. The Court therefore cannot find it appropriate to consider the merits of the motion to dismiss.

The Court DENIES as moot the motion to dismiss. Defendants may file a renewed motion to dismiss specifically targeting Plaintiffs' amended complaint no later than **July 26, 2024**.

B.      **Cross-Motions on Contractual Dispute Resolution Procedures**

Also before the Court are cross-motions regarding contractual dispute resolution procedures. (Dkt. Nos. 44, 48.) It is unclear why the parties required cross-motions to present their positions to the Court, as upon review of the motions, the Court finds that a single motion by Defendants, opposition by Plaintiffs, and reply by Defendants would be sufficient. Indeed, Plaintiffs appear to have copy and pasted numerous paragraphs from their cross-motion into their response. (*See* Dkt. Nos. 48 at 7–8, 27–28; 53 at 5–6, 14.)  Defendants have done the same. (*See* Dkt. Nos. 44 at 10–13; 56 at 6–10.)  And ultimately, the parties' respective motions and responses seek the same relief:  Plaintiffs' motion and response both ask that "the Court [] declare the Arbitration Clause, as a whole, unconscionable, void, and unenforceable" (Dkt. Nos. 48 at 28; 53 at 14); and Defendants' motion and response both ask that the Court "enforce the parties' agreement and compel Plaintiffs' compliance with the dispute resolution process" (Dkt. Nos. 44 at 14–15; 56 at 16).

The Court also observes that the parties' citations do not fully comply with the Court's rules. By way of example, Defendants' motion cites "pages 68–69" of "Exhibit B" (Dkt. No. 44 at 8); however, as far as the Court can tell, Exhibit B does not contain any page with those numbers (*see* Dkt. No. 45 at 73–149).  The Court stresses that it will not credit legal and factual assertions not supported by specific and accurate citation to authority or the record. "Citations to documents already in the record . . . must include a citation to the docket number and the page number." LCR 10(e)(6). And "[r]eferences in the parties' filings to [] exhibits should be *as specific as possible*" by, for instance, citing "specific page numbers[] [or] paragraphs." LCR 10(e)(10) (emphasis added).  If an exhibit contains multiple page numbers on a single page—as

is the case with Defendants' exhibits—it must be made clear for the Court which page number is being referenced.

The redundancy, excess, and lack of specific and accurate citations in the parties' briefing significantly impede the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1; *see also* LCR 1(a). The Court accordingly STRIKES the parties' cross-motions and orders that the parties SHALL consolidate their arguments regarding contractual dispute resolution procedures into the following briefing schedule:

| Filing | Deadline |
|---|---|
| Defendants' Motion | August 30, 2024 |
| Plaintiffs' Opposition | September 20, 2024 |
| Defendants' Reply | September 27, 2024 |

The length of the parties' filings is governed by Local Civil Rule 7(e)(3).

### III   CONCLUSION

The Court DENIES as moot the motion to dismiss (Dkt. No. 22), STRIKES the parties' cross-motions (Dkt. Nos. 44, 48), and ORDERS that renewed motions may be filed consistent with this order.

Dated this 12th day of July 2024.



David G. Estudillo
United States District Judge